# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY HARRINGTON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:11-cv-00094-SAB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 20)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 22)<br><br>THIRTY-DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff Robert Bishop is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 10, 2011. (ECF No. 1.) Currently before the Court is Plaintiff's first amended complaint, filed April 19, 2013, and Plaintiff's memorandum of law in support of Plaintiff's motion for a temporary restraining order and preliminary injunction. (ECF Nos. 20, 21.)

As discussed below, Plaintiff's first amended complaint fails to comply with the Federal Rules of Civil Procedure and fails to state any cognizable claims for relief. Therefore, it shall be dismissed with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## DISCUSSION

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. Plaintiff brings this action naming thirty one defendants at two different correctional institutions alleging retaliation in violation of the First Amendment, deliberate indifference in violation of the Eighth Amendment, denial of due process in violation of

the Fourteenth Amendment, and violations of the California Constitution.

### A.   Joinder Requirement

As an initial matter, Plaintiff is attempting to bring unrelated claims that occurred at two different correctional institutions in the same suit. For example, Plaintiff alleges that he was retaliated against for filing grievances by being placed in Administrative Segregation, that he was housed in a cell with murky smelling foul water on the floor, and prison officials failed to investigate false charges filed against him. While Plaintiff is alleging claims that occurred at separate institutions, his complaint does not provide the Court with the ability to determine where the actual events alleged occurred.

These unrelated claims against unrelated parties may not be brought in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff shall be granted an opportunity to amend his complaint to correct this deficiency. In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B.   Linkage

Plaintiff names supervisory prison officials, correctional officers, correctional counselors, appeals coordinators, and plumbers in this complaint. Throughout the first amended complaint, Plaintiff alleges actions by "Defendants ("Collectively/Severally-Defendant"). Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009);

1  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d
2  930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally
3  participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County,
4  Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th
5  Cir. 2009); Jones, 297 F.3d at 934.

6        Liability may not be imposed on supervisory personnel for the actions or omissions of their
7  subordinates under the theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948-49; Simmons, 609
8  F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.  Supervisors may be held liable
9  only if they "participated in or directed the violations, or knew of the violations and failed to act to
10 prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d
11 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler
12 II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.
13 Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

14       Plaintiff may not state a claim by naming a number of defendants and then stating defendants
15 collectively retaliated against him, or violated his due process or Eighth Amendment rights.
16 Additionally, Plaintiff appears to be attempting to bring claims against individuals solely based upon
17 their supervisory positions without alleging any personal involvement by the individual.  Plaintiff
18 must state the acts or omissions of each individual defendant that caused the constitutional violation
19 alleged.  Plaintiff's allegations must contain sufficient factual detail to state a plausible claim that
20 the individual defendant personally participated in the violation of Plaintiff's rights.  Plaintiff's
21 general conclusory allegations fail to state any cognizable claims for relief.  In the paragraphs that
22 follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.
23 Plaintiff should carefully review the standards and amend only those claims that he believes, in good
24 faith, are cognizable.

25     **C.**    **Retaliation**

26       A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation
27 under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of
28 retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### D. Deliberate Indifference

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

### E. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

To comply with due process prison officials must provide the inmate with "some notice of

the charges against him and the opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Additionally, the inmate must receive periodic reviews of his placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 477, n.9 (1983) overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

California's decision to classify gang members for placement is SHU is not a disciplinary measure, but is designed to preserve order in the institution and protect inmates and is a matter of administrative discretion. Bruce, 351 F.3d at 1287. Therefore, the decision to place an inmate on indeterminate SHU status based on gang affiliation must be supported by "some evidence." Id. The evidence relied on must have some indicia of reliability. Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990).

### F. California Constitution

Plaintiff seeks damages for violations of Article 1, Sections 1,[1] 7,[2] and 17[3] of the California Constitution. Initially, it is unclear what claim Plaintiff is attempting to articulate under Article I, section 1 of the California Constitution. In order to state a claim, Plaintiff will need to articulate what his specific claim is under Article I, section 1 of the California Constitution.

Additionally, Plaintiff is not entitled to damages for a violation of the due process clause or the cruel and unusual punishment clause of the state constitution. Carlsbad Aquafarm, Inc. v. State Dep't of Health Services, 83 Cal.App.4th 809, 823 (Ct. App. 2000) (due process); Giraldo v. California Dep't Corrections and Rehabilitation, 168 Cal.App.4th 231, 256-57 (Ct. App. 2008) (cruel and unusual punishment); see also Brown v. County of Kern, No. 1:06-cv-00121-OWW-TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages directly under Article

---

[1] Article I, section 1 of the California Constitution states that [a[ll people are by nature free and independent and have inalienable rights. Among these rights are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

[2] Article I, section 7 of the California Constitution states in part that "[a] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws. . . ."

[3] Article I, section 17 of the California Constitution provides that "[c]ruel or unusual punishment may not be inflicted or excessive fines imposed."

6

Case 1:11-cv-00094-SAB   Document 23   Filed 05/10/13   Page 7 of 10

1, Sections 7 of the California Constitution). Plaintiff's claims under Article I, sections 7 and 17 are dismissed, without leave to amend.

### G. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary. Plaintiff's claim for declaratory relief is dismissed, without leave to amend.

### IV.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff is seeking a temporary restraining order and preliminary injunction due to the "deplorable and dangerous/hazardous living conditions caused by sewage-water leaks and/or the defective parts being used that assist/cause said leaks." (Memorandum of Law in Support of Plaintiff's Motion For a Temporary Restraining Order and Preliminary Injunction 1, ECF No. 22.) Plaintiff seeks to have prison officials inspect all plumbing chases monthly at Corcoran and Kern Valley State Prisons, immediately address all leaks and repair all defective parts, fix all leaks within the plumbing chases and clean and disinfect the immediate area of the plumbing chases, and correct the current work order process. Plaintiff is seeking relief beyond that which could be granted by this Court.

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian

1  Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw.
2  1998). The factors considered for issuing a temporary restraining order are the same as the standards
3  for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir.
4  2008).

5      "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
6  Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff
7  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
8  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
9  in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos
10 Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An
11 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter,
12 129 S. Ct. at 376 (citation omitted) (emphasis added).

13     In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
14 which provides in relevant part, "[p]rospective relief in any civil action with respect to prison
15 conditions shall extend no further than necessary to correct the violation of the Federal right of a
16 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
17 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
18 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
19 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

20     Initially, since Plaintiff's complaint is being dismissed, this court does not have jurisdiction
21 to order the relief sought by Plaintiff. Further, in order to receive equitable relief the relief requested
22 must bear some relation to the claims that are proceeding in the underlying action. City of Los
23 Angeles v. Lyons, 461 U.S. 95, 102 (1983); 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island
24 Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04,
25 107 (1998). Absent a claim based upon the conditions Plaintiff seeks to remedy, he does not have
26 standing to seek relief. Finally, Plaintiff cannot seek relief in this action for conditions at a
27 correctional facility in which he is no longer housed. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.
28 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519


(9th Cir. 1991). Plaintiff's motion for a temporary restraining order and preliminary injunction is denied, without prejudice.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 15, 2013, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's claims for violation of Article I, sections 7 and 17 of the California Constitution, and declaratory relief are dismissed, without leave to amend;
4. Plaintiff's motion for a temporary restraining order and preliminary injunction, filed April 19, 2013, is denied, without prejudice;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

9

amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: May 10, 2013

UNITED STATES MAGISTRATE JUDGE