# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP, | Case No. 1:11-cv-00094-SAB PC |
| Plaintiff, | ORDER STRIKING SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| KELLY HARRINGTON, et al., | (ECF No. 25) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

Plaintiff Robert Bishop, a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on January 10, 2011. (ECF No. 1.) On January 19, 2011, the action was transferred to the Eastern District of California. (ECF No. 5.) Plaintiff consented to the jurisdiction of a magistrate judge on January 26, 2011. (ECF Nos. 9, 10.) On March 15, 2013, Plaintiff filed a first amended complaint. (ECF No. 20.) On May 10, 2013, Plaintiff's first amended complaint was screened and dismissed for failure to state a claim. (ECF No. 23.) Plaintiff filed a second amended complaint on June 14, 2013. (ECF No. 25.)

Plaintiff did not cure the deficiencies identified in the order issued on May 10, 2013, and therefore the second amended complaint shall be stricken for failure to comply with a court order.

1

Plaintiff shall be granted one final opportunity to file a second amended complaint that complies with this order and the order issued May 10, 2013.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III.

## DISCUSSION

In the order issued May 10, 2013, Plaintiff was advised that his second amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff was also informed that he could not bring unrelated claims that occurred at two different institutions in the same complaint. Despite the order that Plaintiff not allege unrelated claims in his amended complaint, the second amended complaint names thirty three defendants and alleges claims for unrelated events that occurred from January 3, 2009 through November 2, 2010 at two different correctional institutions.

The incidents alleged in the second amended complaint include retaliation for his involvement in the inmate advisory committee and activities as a jailhouse lawyer, falsely labeling him as a gang associate, illegal searches, having false reports filed against him, denial of an investigative employee, and being housed in a dilapidated cell with open sewage. Plaintiff is advised that the allegation that these acts were retaliatory does not make them related for the purposes of Federal Rules of Civil Procedure 18 and 20. These events are separate and distinct, they occurred at different prisons, and they involve unrelated defendants.

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are

1   commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348,
2   1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371,
3   1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court
4   review the other claims to determine if they may be joined under Rule 18(a), which permits the
5   joinder of multiple claims against the same party.

6   Further, although Plaintiff was advised that his complaint was to contain a "short and
7   plain statement of the claim," Plaintiff's second amended complaint is neither short nor plain.  It
8   is forty five pages long.  (ECF No. 25.)  For these reasons, Plaintiff's second amended complaint
9   does not comply with the order issued May 10, 2013 and shall be stricken from the record.

10   Plaintiff will be given one final leave to file a second amended complaint to cure the
11   deficiencies identified in the May 10, 2013 screening order.  Plaintiff is advised that the failure to
12   comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will
13   result in Plaintiff's second amended complaint being stricken from the record.  Plaintiff is further
14   warned that continued failure to take meaningful steps to obey the Court's orders may result in
15   this action being dismissed for failure to obey a court order.  See Local Rule 110. Plaintiff is
16   referred to the screening order, issued on May 10, 2013, for the legal standards that apply to his
17   claims.

18   In his second amended complaint, Plaintiff shall state as briefly as possible the facts of his
19   case, describing how each defendant is involved.  Plaintiff shall separate his claims, so that it is
20   clear what his claims are and who the defendants involved are.  Further, for each claim, Plaintiff
21   shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant
22   that led to a knowing violation of Plaintiff's federal rights.

23   Finally, given that Plaintiff may not bring these unrelated claims in the same action,
24   twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific
25   facts in support of those claims.  Accordingly, if Plaintiff chooses to amend the complaint, the
26   amended complaint shall not exceed twenty-five (25) pages in length, double spaced with size 12
27   Times New Roman or similar font.  Should the second amended complaint violate this page
28   restriction it will be stricken from the record.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint shall be stricken from the record. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's second complaint, filed June 14, 2013, is STRICKEN FROM THE RECORD for failing to comply with the Court's order;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file as second amended complaint;
4. Plaintiff's second amended complaint may shall not exceed twenty-five pages, double spaced, size 12 Times New Roman or similar font; and
5. If Plaintiff fails to file a second amended complaint in compliance with this order and the May 10, 2013 screening order, this action will be dismissed, with

prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE