UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00094-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN, SEVERING CONDITIONS OF CONFINEMENT CLAIM, AND DIRECTING CLERK OF COURT TO OPEN NEW CASE<br><br>[ECF No. 30] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. . Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 26, 2011.  Local Rule 302.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the instant action on January 10, 2011, and a first amended complaint on March 15, 2013.  On May 10, 2013, the Court screened and dismissed Plaintiff's amended complaint with leave to amend.  (ECF No. 23.)

On June 14, 2013, Plaintiff filed a second amended complaint.  On September 11, 2013, the second amended complaint was stricken from the record for failure to comply with a court order,

1

namely, the failure to provide a short and plain statement of his claims and failure to comply with the joinder requirements. (ECF No. 27.)

Plaintiff filed a subsequent second amended complaint on November 14, 2013. (ECF No. 30.) On January 8, 2014, the Court dismissed the action for Plaintiff's failure to comply with a court order. (ECF No. 31.)

On December 4, 2014, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action finding the action was improperly dismissed for misjoinder of parties. (ECF No. 39.) Thus, the operative complaint before the Court is Plaintiff's second amended complaint filed November 14, 2013. (ECF No. 30.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,

556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against several difference defendants at two different correctional institutions alleging retaliation in violation of the First Amendment, denial of due process in violation of the Fourteenth Amendment, deliberate indifference in violation of the Eighth Amendment, and violations of the California Constitution.

Plaintiff contends that he was wrongfully removed from the general population by retaliation for his active role in the prisons Inmate Advisory Council for filing inmate grievances and staff complaints that had an adverse effect on Plaintiff's welfare.

Upon removal from the general population, Plaintiff was housed in the administrative segregation unit for over six months pending false allegations and denied his earned privileges and program.

Plaintiff was wrongfully found guilty of false disciplinary charges without supporting evidence, all of which was evident at the disciplinary hearing. Plaintiff appealed the guilty disciplinary finding, and was granted a reissue/rehear for due process violations.

Plaintiff was again retaliated against six days after the appeal was granted by being illegally transferred from Kern Valley State Prison administrative segregation unit to Corcoran State Prison security housing unit.

Once housed at Corcoran, Plaintiff suffered adverse effects and significant hardship. Corcoran staff refused to acknowledge Plaintiff's granted appeal, thereby wrongfully removing Plaintiff's personal property and forced to mail said property home.

On April 9, 2010, Plaintiff was moved to a dilapidated cell within the security housing unit at Corcoran with unsanitary and health and safety issues that was cruel and unusual punishment. The plumbing within the cell was in such disrepair that it caused murky foul smelling sewer water to leak

into and form puddles on the cell floor as well as to fill a deep hole in the cell floor where there was exposed rusty rebar, causing further atypical and significant hardship for Plaintiff. Plaintiff complained to staff verbally and through inmate appeals and all complaints were ignored or denied. Plaintiff suffered severe stomach cramps, diarrhea, mosquito bites, and fell and hit his head on the cell door-splitting his scalp, injuring his neck, and left arm.

Plaintiff requests an award of compensatory damages, punitive damages, special damages for infliction of psychological and emotional injuries, costs of the suit, and any other relief as deemed just and proper.

## IV.

## DISCUSSION

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the second amended complaint, he states a cognizable claim for retaliation in violation of the First Amendment against Defendants Castro, Horton, Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff, and Biter related to his claim of false disciplinary reports and placement in administrative segregation because he filed inmate grievances.

### B. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.

4

Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

### 1. Kern Valley State Prison

Plaintiff initially argues that his due process rights were violated by Defendants who transferred him to administrative segregation based on false and unfounded allegations which were later unsubstantiated. First, an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 952 (2d Cir. 1986). An inmate who has been falsely accused can state a constitutional claim if the filing of the false report was done in retaliation for the exercise of a constitutional right, see Hones v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997), or the inmate is not afforded the procedural due process safeguards required by Wolff,[1] Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). Plaintiff makes no such assertion and, in fact, asserts that the due process violations were resolved in his favor. Thus, Plaintiff does not state a claim for Defendants' filing of false charges against him which resulted in his placement and retention in segregated housing.

Furthermore, the fact that Plaintiff was transferred to Corcoran State Prison does not give rise to a due process violation. There is no substantive liberty interest in being housed in a particular prison and an inmate has no right to incarceration in the prison of his choice. Olim v. Wakinekona,

---

[1] Wolff v. McDonnell, 418 U.S. 539 (1974).

5

461 U.S. 238, 245 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Neither an initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicates the Due Process Clause. Olim, 461 U.S. at 244-245; Meachum v. Fano, 427 U.S. 215, 224 (1976); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

        1.        Corcoran State Prison

Plaintiff proceeds to argue that once the false charges were resolved in his favor, Defendants failed to acknowledge the favorable administrative grievance finding and instead transferred him to Corcoran State Prison where he was subjected to further detention in the security housing unit. To the extent Plaintiff seeks to state a claim based on claims arising from an alleged due process violation after his appeal was granted, Plaintiff fails to set forth sufficient factual allegations. First, Plaintiff does not indicate retaliation or a specific due process violation. Further, this claim involves factual allegations that took place at Corcoran State Prison that are not sufficiently related to events at Kern Valley State Prison, so as to raise the claim in the same action. Fed. R. Civ. P. 18(a), 20(a)(2) (unrelated claims against unrelated parties may not be brought in a single action). In an abundance of caution, the Court will grant Plaintiff an opportunity to amend his complaint to cure this deficiency, if he feels he can do so in good faith.

**C.    Cruel and Unusual Punishment Based on Conditions in Cell**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable claim for relief under the Eighth Amendment against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki for remaining in a "dilapidated" cell for eighth months with sewage leakage leading to physical injury to Plaintiff. Plaintiff alleges these Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health. However, this claim may not be properly joined with his unrelated claim of retaliation against Defendants Castro, Horton, Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff, and Biter, for actions which took place at Kern Valley State Prison. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). Therefore, the Court will sever the Eighth Amendment claim relating to Plaintiff's conditions of confinement and direct the Clerk of Court to open a new action for Plaintiff's claim against the above named Defendants.

### D. Violation of California Constitution

As stated in the Court's May 10, 2013, screening order, Plaintiff is not entitled to damages for a violation of the due process clause or the cruel and unusual punishment clause of the state constitution. Carlsbad Aquafarm, Inc. v. State Dep't of Health Services, 83 Cal.Ap.4th 809, 823 (Ct. App. 2000) (due process); Giraldo v. California Dep't Corrections and Rehabilitation, 168 Cal.App.4th 231, 256-257 (Ct. App. 2008) (cruel and unusual punishment). Accordingly, Plaintiff's

claims under the California Constitution were dismissed from the action, without leave to amend, pursuant to the May 10, 2013, screening order. (ECF No. 23.)

## V.

## CONCLUSION AND ORDER

Plaintiff's second amended complaint states a cognizable claim for retaliation in violation of the First Amendment against Defendants Castro, Horton, Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff, and Biter, and a cognizable claim for conditions of confinement in violation of the Eighth Amendment against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki. However, Plaintiff fails to state a cognizable due process violation. The Court will grant Plaintiff one final opportunity to file a third amended complaint, if he believes he can do so in good faith, to state a cognizable due process violation. However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding in this action on the claim for retaliation against Defendants Castro, Horton, Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff, and Biter, Plaintiff may so notify the Court in writing, and the Court will dismiss the due process claim, and will forward Plaintiff the necessary summons and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed in this action on his claim of retaliation against Defendants Castro, Horton, Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff, and Biter; and
3. Plaintiff's Eighth Amendment claim relating to the conditions of confinement against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki is severed from this action and the Clerk of the Court is

directed to open a new case entitled <u>Robert Bishop v. Raul Lopez, et. al.</u>, which shall be assigned to the undersigned and in which this order and all preceding docket entries shall be entered.[2]

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[2] Once a new case has been opened for Plaintiff, the Court will direct the Clerk of Court to issue service documents for Plaintiff to complete and return so that service of process may be initiated.