1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 ROBERT BISHOP,                              )   Case No.: 1:11-cv-00094-SAB (PC)
                                              )
12              Plaintiff,                     )
                                              )   ORDER DENYING PLAINTIFF'S MOTION
13       v.                                    )   FOR DISQUALIFICATION
                                              )
14 KELLY HARRINGTON, et al.,                   )   [ECF No. 51]
                                              )
15              Defendants.                    )
                                              )
16 _____  )

17       Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of

19 the United States Magistrate Judge on January 26, 2011.  Local Rule 302.

20       This action is proceeding on Plaintiff's claim of retaliation against Defendants Castro, Horton,

21 Sclafani, Hudson, Tyson, Soto, Harrington, Tarnoff and Biter.  On March 17, 2015, the Court directed

22 Plaintiff to complete and return the necessary service of process documents (which included all CDCR

23 Form 602 documentation submitted in relation to this case) for service by the United States marshal.

24 (ECF No. 45.)

25       On June 15, 2015, Plaintiff filed a request to disqualify the undersigned under 28 U.S.C. §

26 455.[1]  (ECF No. 51.)

27 _____

28 [1] Plaintiff filed the same motion in 1:15-cv-00273-SAB (PC), Robert Bishop v. Raul Lopez, et.al.,

1

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hearing such proceeding."  28 U.S.C. §144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010).  "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits.  Id., citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned."  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).  "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge."  Id., quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985).

Under both recusal statutes, the determination for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Pesnell v. Arsenault, 543 F.3d at 1043, quoting United States v. Hernandez, 109 F.3d 1450, 14534 (9th Cir. 1997).  For instance, a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1).  However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings.  United States v. Hernandez, 109 F.3d at 1453, citing Liteky v. United States, 510 U.S. 540, 554-556 (1994).  "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004), quoting Liteky, 510 U.S. at 555.

Here, Plaintiff contends that the submission of such documentation allows "defendants to raise defensive arguments that previously may not have been raised or argued."  (Motion at 1.)  Plaintiff

2

fails to demonstrate that the undersigned magistrate judge is biased against him or that the undersigned favors Defendants.  Plaintiff's objection to the submission of his 602 inmate grievances does not demonstrate bias against him or favoritism toward Defendants.  The Court directed submission of the relevant 602 documentation related to this case for no other purpose than to assist the United States marshal in serving the appropriate Defendants with the complaint.  This court has found from previous matters that the inclusion of 602 information allows for a quicker turn around in getting the true defendant served by the United States marshal as additional information,  not found in a complaint, is often found in the 602.   Further,  defendants have access to Plaintiff's 602's and therefore "disclosure" does not result in any prejudice to the Plaintiff.  There is no merit to Plaintiff's claim that Defendants may not raise by way of affirmative defense-exhaustion of the administrative remedies.  Accordingly, Plaintiff's motion for disqualification is DENIED.

IT IS SO ORDERED.

Dated:   **June 16, 2015**

UNITED STATES MAGISTRATE JUDGE