UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00094-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 71] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 11, 2015, Plaintiff filed a second motion for the appointment of counsel. (ECF No. 71.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel based on his belief that the case is complex, his limited access to the law library, limited knowledge of the law, limited access to litigation materials, and alleged destruction of certain legal materials. While the Court sympathizes with Plaintiff's limitations, they are insufficient to warrant appointment of counsel at this time. Circumstances common to most prisoners, such as lack of legal education and limited library access, do not establish exceptional circumstances to justify a request for voluntary assistance of counsel. In addition, even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges a First Amendment claim against several for the filing of false disciplinary reports and placement in administrative segregation because Plaintiff submitted inmate grievances. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. However, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 16, 2015**

_____
UNITED STATES MAGISTRATE JUDGE