**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, WITHOUT PREJUDICE<br><br>[ECF No. 60] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, Sclafani, and Hudson for retaliation in violation of the First Amendment.

On July 24, 2015, Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, Sclafani, and Hudson filed an answer to the complaint. (ECF No. 55.)

Now pending before the Court is Plaintiff's motion to amend the complaint, filed August 10, 2015. (ECF No. 60.) Defendants filed an opposition on August 18, 2015. (ECF No. 64.)

Plaintiff seeks to amend the complaint because he contends the Court failed to acknowledge his negligence and due process claims in the February 20, 2015, screening order.

///

///

1

# I.

# DISCUSSION

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.  Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

First, contrary to Plaintiff's contention, Plaintiff's second amended complaint did not contain a distinct common law claim of negligence, but rather sought relief under the California Constitution which the Court addressed in the February 20, 2015, screening order and properly found such claim not cognizable by way of section 1983.  (ECF No. 43, Order at 7-8.)  Second, the Court's February 20, 2015, screening order addressed any potential due process claim and found insufficient facts to support such a claim.  (ECF No. 43, Order at 5-6.)  Plaintiff subsequently agreed to proceed on the cognizable claims identified in the Court's screening order.  (ECF No. 44.)  Third, Plaintiff's present motion to amend is defective.  Local Rule 137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint.  Plaintiff's present motion does not include a proposed amended complaint.  Accordingly, Plaintiff's motion to amend is DENIED, *without prejudice*, to re-filing in a timely manner if so desired.

IT IS SO ORDERED.

Dated:  **September 28, 2015**

UNITED STATES MAGISTRATE JUDGE