UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD REQUEST FOR JUDICIAL NOTICE<br><br>[ECF Nos. 74, 76] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's third request for the Court to take judicial notice of certain documents, along with a motion to amend his third request for judicial notice to substitute to an exhibit to the original motion. (ECF Nos. 74, 76.) Plaintiff requests the Court to take judicial notice of several inmate request for interview forms.

Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of any facts which may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) and (d).  However, a Court may only take judicial notice of facts contained in a state agency's records where the facts are not subject to a reasonable dispute." Brown v. Valoff, 422 F.3d 926, 931 n. 7 (9th Cir. 2005).

1

First, Plaintiff does not provide any basis other than the attachment of documents to the motion to support a finding of judicial notice, and the Court cannot determine the relevancy of the documents. Second, the Court will not take judicial notice of documents in a vacuum and these documents are not the type of adjudicative facts that are judicially noticeable.  See Fed. R. Evid. 201.  Accordingly, Plaintiff's third request for judicial notice is DENIED.

IT IS SO ORDERED.

Dated:    **October 1, 2015**

UNITED STATES MAGISTRATE JUDGE