# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLY HARRINGTON, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SERVE INTERROGATORIES IN EXCESS OF THE FEDERAL RULE OF CIVIL PROCEDURE 33 LIMITATION<br><br>[ECF No. 75] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 18, 2015, Plaintiff filed a motion "to increment interrogatories pursuant to Fed. R. Civ. P. 26(b)(2)." (ECF No. 75.) Defendants filed an opposition on October 1, 2015. (ECF No. 79.)

## I.

## DISCUSSION

The scope of discovery is broad. Republic of Ecuador v. Mackay, 742 F.3d 860, 866 (9th Cir. 2014) (citing Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the

1

1  court may order discovery of any matter relevant to the subject matter involved in the action." Id.

2  Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2).  The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

This action is proceeding against Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, Sclafani, and Hudson for retaliation in violation of the First Amendment.  Plaintiff seeks leave of Court to propound forty (40) interrogatories upon each of the named Defendants, with subparts, unless the subpart relates to a discrete subject matter in which case it would count as a separate interrogatory.  Plaintiff submits that he proposes to use the increased number of interrogatories to obtain discovery regarding non-privileged matters that are relevant to the claims or defenses in this civil action, including the description, nature, custody, condition and location of documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Defendants correctly argue that Plaintiff has not provided the Court with the three-hundred and sixty interrogatories (nine defendants served with forty interrogatories each) he seeks to serve on the Defendants.  Nor has Plaintiff attempted to serve the two-hundred and twenty-five interrogatories (nine defendants served with twenty-five interrogatories each) already permitted under the Federal Rules of Civil Procedure.  Consequently, Plaintiff has not shown why he needs an excessive amount of discovery in this case.

Furthermore, although the Court may increase the amount of allowable interrogatories, the Court may likewise place limitations on the extent of discovery.  Rule 26(b)(2)(A) provides that "[b]y order, the court may alter the limits in these rules on the number of … interrogatories." Fed. R. Civ. P. 26(b)(2)(A).  However, "the court must limit the frequency or extent of discovery … if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the

burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). "A plaintiff seeking discovery must allege 'enough facts to raise a reasonable expectation that discovery will reveal' the evidence he seeks." Dichter-Mad Family Partners, LLP, 709 F.3d 749, 751 (9th Cir. 2013) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)); see also Gager v. United States, 149 F.3d 918, 922 (9th Cir. 1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.") In this instance, because Plaintiff has not presented the Court with any of the discovery he wishes to propound, the Court does not have the ability to evaluate the reasonableness of Plaintiff's request. Accordingly, Plaintiff has failed to make the necessary showing to justify an excess amount of interrogatories, and Plaintiff's motion must be denied.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion to file an increased amount of interrogatories under Rule 26 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated:   **October 15, 2015**

UNITED STATES MAGISTRATE JUDGE