UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING MERITS BASED DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION<br><br>[ECF Nos. 95, 96] |

    Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    This action is proceeding against Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, and Hudson for retaliation in violation of the First Amendment.

    On October 27, 2015, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 86.)

    On December 18, 2015, Defendants filed a motion to stay discovery pending the motion for summary judgment relating to exhaustion of the administrative remedies, along with a motion to extend the time to respond to Plaintiff's discovery requests in the event the motion for a protective order is denied. (ECF No. 95.)

    The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 117 (2013); Hunt

v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claim against him if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party may seek redress by Federal Rule of Civil Procedure 56(d). Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69).

Accordingly, good cause having been shown, Defendants' motion to stay discovery relating to the merits of Plaintiff's retaliation claim is GRANTED and discovery is STAYED, until further order of the Court. Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71. Defendants are relieved of the

///
///
///
///

obligation to respond to any outstanding merits-based discovery requests, until further order of the Court.

IT IS SO ORDERED.

Dated: __**December 18, 2015**__

UNITED STATES MAGISTRATE JUDGE