UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY HARRINGTON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE<br><br>[ECF No. 110] |

　　　　Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to extend the discovery deadline, filed February 22, 2016. (ECF No. 110.) Although Defendants did not file an opposition, for the reasons explained below, Plaintiff's motion must be denied.

**I.**

**DISCUSSION**

　　　　Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling

order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Pursuant to the Court's July 27, 2015, discovery and scheduling order, the deadline for completion of all discovery is set to expire on March 27, 2016.

Plaintiff seeks to extend the discovery deadline for the following reasons: (1) he has been unable to pursue the necessary discovery and follow-up to Defendants less than forthcoming responses because he was served with two separate motions for summary judgment in this case; (2) he is hindered in his litigation by the prison law library only providing twenty sheets of paper per week; and (3) he suffers from neuropathy and is prescribed medication due to severe nerve pain which causes confusion and limitation on his concentration. (ECF No. 110, Mot. at 1-2.) Plaintiff requests the discovery deadline be extended to July 1, 2016. (Id. at 2.)

While Plaintiff's circumstances are unfortunate, Plaintiff has failed to show good cause for an extension of the discovery deadline. Plaintiff's general allegations regarding limited access to legal material and efforts undertaken to litigate this action do not demonstrate good cause for an extension of the discovery deadline. Further, Plaintiff's conclusory claim that he suffers neuropathy and is prescribed medication, alone, does not present good cause to extend the discovery deadline. There is simply no indication that Plaintiff is subjected to burdens beyond those ordinarily imposed on

incarcerated pro se litigants.  Furthermore, on December 18, 2015, the Court granted Defendants' request to stay all discovery except that related to exhaustion of the administrative remedies.  (ECF No. 97.)  Defendants' motion for summary judgment related to exhaustion of the administrative remedies is fully briefed as Plaintiff has filed an opposition and Defendants have filed a reply.  Accordingly, there is no basis to extend the discovery deadline.  If the motion for summary judgment is denied, then the merits-based discovery will be unstayed and a new deadline will be set.  Accordingly, Plaintiff's motion for an extension of the discovery deadline must be denied.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion to extend the discovery deadline is DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2016**

UNITED STATES MAGISTRATE JUDGE