UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>          Plaintiff,<br><br>     v.<br><br>KELLY HARRINGTON, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-00094-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF Nos. 86 & 88] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States magistrate judge jurisdiction and therefore this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Currently before the Court are Defendants' motions for summary judgment, filed separately on October 27, 2015.[1]

///

///

///

---

[1] Defendants Tarnoff, Soto, Harrington, Castro, Horton, Martin, Biter, Tyson, and Hudson are represented by Deputy Attorney General, Kelly A. Samson. (ECF No. 86.) Defendant Sclafani is represented by Thomas P. Feher. (ECF No. 88.)

1

## II.

## RELEVANT HISTORY

This action is proceeding against Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, Hudson, and Sclafani for retaliation in violation of the First Amendment of the United States Constitution.

On July 24, 2015, Defendants filed an answer to the second amended complaint. (ECF No. 55.) On July 27, 2015, the Court issued the discovery and scheduling order. (ECF No. 56.)

On October 27, 2015, Defendants filed a motions for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Fed. R. Civ. P. 56(c); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014).[2] (ECF Nos. 86, 88.) After Plaintiff received four extensions of time, he filed separate oppositions to Defendants' motions on January 29, 2016. (ECF Nos. 102, 103.)

On February 4, 2016, Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, and Hudson filed a reply to Plaintiff's opposition. (ECF No. 104.) On February 5, 2016, Defendant Sclafani filed a reply to Plaintiff's opposition. (ECF No. 105.)

## II.

## LEGAL STANDARD

**A.  Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

---

[2] On this same date, Defendant Sclafani filed a notice of joinder in the motion for summary judgment filed by Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, and Hudson. (ECF No. 87.)

2

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment

should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). In 2009, the timeline for submitting inmate appeals fifteen working days, not thirty days. Cal. Code Regs. tit. 15, § 3084.6(c) (2009). Inmates appeals must be submitted timely, and an appeal may be rejected when the "time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

Plaintiff was improperly removed from the general population in retaliation for his active role in the prisons Inmate Advisory Council ("IAC") for filing inmate grievances and staff complaints that had an adverse effect on his welfare.

Upon removal from general population, Plaintiff was housed in the administrative segregation unit for over six months pending false allegations/charges and denied his earned privileges and program.

Defendant Castro retaliated against Plaintiff for filing inmate appeals/grievances and staff complaints as well as for his active role in the IAC, by using her power of authority to generate a confidential memorandum which was later determined to be unreliable, vague and unsubstantiated for the sole purpose of punishing Plaintiff. Castro ordered Plaintiff be removed from the general

4

population and placed into administrative segregation without affording Plaintiff the opportunity to present his views causing deprivation of earned privilege group and program.

Defendants Horton and Sclafani also retaliated against Plaintiff for filing inmate appeals/grievances and staff complaints as well as for his active role in the IAC by using their power of authority to generate a false report which was later determined to be unsubstantiated and unreliable. Defendant Horton directed Defendant Sclafani to search a specific are which had previously been searched to discover a weapon that had never actually been viewed for the sole purpose of placing blame and punishing Plaintiff.  Defendants Horton and Sclafani actions facilitated Defendant Castro's needs in having Plaintiff wrongfully removed from the general population into administrative segregation which deprived him from earned privilege group and program.

On June 11, 2009, Plaintiff was issued a CDCR 114-D administrative segregation unit placement notice prepared by Defendant Castro for investigation into conspiracy to commit a battery on an inmate for the sole purpose of retaliation.

On June 23, 2009, Defendant Hudson served as an administrative reviewer for Plaintiff's 114-D for conspiracy to commit an assault on an inmate with a deadline which, and facilitated in removing Plaintiff from his earned privilege group and program to retain Plaintiff in administrative segregation in retaliation for Plaintiff exercising his First Amendment rights.

On June 24, 2009, Defendant Horton issued Plaintiff a Rules Violation Report (RVR), FB 09-06-054, which was approved by Defendant Castro, for the sole purpose of retaliation.

On September 8, 2009, Defendant Tyson, as senior hearing officer (SHO), retaliated against Plaintiff for filing inmate grievances and roll in IAC conducted an unfair and biased hearing for the RVR  in order to find Plaintiff guilty.

On October 14, 2009 and October 21, 2009, Defendants Hudson and Soto reviewed the RVR findings and did not correct the unsubstantiated findings for the sole purpose of retaliation.

On October 27, 2009, Plaintiff filed inmate appeal KVSP-O-09-01835 regarding the RVR.

On November 5, 2009, Plaintiff was taken to committee for a SHU term assessment for the guilty RVR finding.  At the SHU term assessment hearing, Defendant Harrington abused his authority by assessing Plaintiff with a two year SHU term as part of the conspiracy to retaliate against Plaintiff.

On November 24, 2009, Defendant Tarnoff interviewed Plaintiff in regards to Appeal KVSP-O-09-01835. Plaintiff told Defendant Tarnoff that his due process rights had been violated, but Defendant Tarnoff left the interview.

On December 17, 2009, unbeknownst to Plaintiff, Appeal KVSP-O-09-01835 was partially granted in that a modification order would be ordered for a reissue/rehear based on a due process violation.

On December 23, 2009, Plaintiff was illegally transferred to the security housing unit at Corcoran State Prison for the sole purpose of punishment by Defendants.

On January 22, 2010, Plaintiff received Appeal KVSP-O-09-01835 notifying him of the partial grant.

On January 26, 2010, Plaintiff forwarded Appeal KVSP-O-09-01835 to the director's level review which was received on February 2, 2010.

Defendants Biter and Soto abused their authority by attempting to cover up the retaliatory actions imposed on Plaintiff and Soto issued a false report in retaliation, dated April 16, 2010, and signed by Biter on June 16, 2010. In the false report, Defendant Soto, as Associate Warden, amended the RVR to a lesser offense which would have triggered Plaintiff's release from administrative segregation.

**C.    Defendants' Argument in Support of Summary Judgment**

Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, and Hudson move for summary judgment because Plaintiff failed to submit any appeals that put prison officials on notice that any of the Defendant were retaliating against him because of his involvement in the Inmate Advisory Council, for filing inmate grievances, or for filing staff complaints.

Defendant Sclafani contends summary judgment is warranted because Plaintiff failed to submit an inmate appeal which identified the incident upon which Plaintiff's claim against him is based, and even if the Court finds the appeal adequately described the alleged incident, it was not timely submitted.

///

///

**D.     Plaintiff's Opposition Argument**

Plaintiff alleges that he attempted to submit an additional appeal through the prison mail system on June 14, 2009. Plaintiff further contends that prison officials never responded to the filed appeal, nor was the appeal returned to him. Plaintiff also submits that appeal KVSP-O-09-01835 sufficiently grieved his retaliation claims against Defendants.

**F.     Findings**

The parties are in agreement that only one of the five inmate appeals filed between June 10, 2009 and January 4, 2011, accepted at the third level of review-Appeal KVSP-O-09-01835, arguably has any connection to facts present in this action.[3] Therefore, the Court omits the substantively irrelevant appeals identified and addressed by Defendants in their motions. (ECF No. 86-5, Motion at 3:10-15; ECF No. 88-1, at 2:24-25; ECF Nos. 102 & 103, Pl. Stmt Disp. Facts No. 16.) The Court finds that Defendants met their initial burden with respect to Plaintiff's failure to exhaust CDCR's generally available administrative remedy process prior to filing this lawsuit; and for the reasons which follow, it finds that Plaintiff neither exhausted nor demonstrated that the remedy process was rendered effectively unavailable, entitling Defendants to judgment. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015); Albino, 747 F.3d at 1171-72.

   1.     Appeal KVSP-O-09-01835

In appeal KVSP-O-09-01835, dated October 27, 2009, Plaintiff stated the following:

> I am appealing RVR # FB 09-06-054. I was found guilty of 'Conspiracy to Commit Assault on an Inmate with a Deadly Weapon.' I am contesting that the '3 overt acts' relied upon have not been met in order for a charge of conspiracy to exist, nor a finding of guilty. Incident Report by J. Castro pg. 2 of 7 and 115C re: statement (1) to order an assault, move a weapon to a location, (2) agreement on time & place of assault. See attached. I was provided with a copy of the evidence being used against me. I have the right to view the …[illegible word] being used against me AND 1. There is no weapon! See 115A notes "no weapon located." Had no access to the area of where they said they found a weapon. (3) I/M Stamper admitted to Sgt. Horton (who is also the R.E.) that I as well as I/M Wood ever ordered him (Stamper) to assault I/M Ferguson (See I.E. Report I/M Stamper Q & A). (4) The S.H.O. was made aware of all of the above discrepancies during the hearing. Therefore since (1) there is no weapon, (2) no order to assault was made by me to I/M Stamper, (3) the inability to access the location

---

[3] Plaintiff's alleged filing of a sixth inmate appeal on June 14, 2009, is addressed below.

> where supposedly a weapon was found (weapon was not located see 115A), and (4) I/M Stamper's statement to Sgt. Horton (the R.E.) that neither I/M Bishop or I/M Wood ordered him (Stamper) to assault I/M Ferguson, which clearly nullifies all 3-overt acts. Other factors include:
> (1) C/O Sclafani admits to searching a week prior, further showing that I could not have placed a weapon in that area, as I had no access to the area.
> (2) Lt. Castro failed to turn over relevant information when asked for (including but not limited to additional 1030 (multiple sources mentioned), confidential memorandum with names & numbers excluded/blocked out).
> (3) Lt. Castro refused to answer numerous I.E. questions directed to her by simply stating "refer to 1030" which provided no assistance/information.
> (4) Lt. Castro failed to answer I.E. question #5, and simply stated "refer to 1030." This violated Penal Code § 2932(c)(1) (i.e. written notice of charge: the notice must include the specific charge, the date, time, and place of the alleged violation, and a statement of the evidence relief on). This was not done.
> (5) Lt. Castro, when asked, refused to acknowledge that I/M Stamper had informed Sgt. Horton (R.E.) that neither I/M Bishop or I/M Wood ordered him (Stamper) to assault anyone (see Lt. Castro I.E. report Q #10, and also I/M Stamper Q. #s 2, 3).
> The predisposition of guilt was clearly made by correctional staff informed that neither I/M Bishop or I/M Wood ordered I/M Stamper assault I/M Ferguson (I.E. report I/M Stamper Q&A). There is also the cooperation from Lt. Castro (reviewing supervisor) when approached questions, when she states 7 out of 10 times "refer to 1030," unanswered none of the questions as the 1030 was not information [illegible] not contain the information I was requesting from Lt. Castro. Fact that the evidence has never been located or provided [illegible] my due process rights.
> CDC 1030 is contradictory to the RVR 115 as it states that [illegible] an assault on I/M Stamper, as well as multiple sources [illegible] I/M Ferguson to assault I/M Stamper. Information relied upon by the S.H.O. (1030), part C (RVR) (D) was contradictory to the RVR. RVR Part C [illegible] (I) indicates that because I admitted to be housed on [illegible] was indicative of guilty of the aforementioned violation.

(Ds' Mot., Ex. 9, ECF No. 86-5.)

The appeal was bypassed at the first level of review. The appeal was subsequently partially granted at the second level of review on December 17, 2009, and stated as follows:

> <u>APPEAL ISSUE:</u> The appellant received a Rules Violation Report (RVR), log number FB-06-054, for Conspiracy to Commit an Assault on an inmate with a Deadly Weapon dated June 18, 2009. The appellant states the three (3) over[t] acts relied upon have not been met in order for a charge of conspiracy to exist, nor a finding of guilty. He further states there is a lack of evidence and due process violations that occurred.
> The appellant requests to immediately reverse, dismiss, and expunge the RVR.
>
> <u>INTERVIEW/EFFECTIVE COMMUNICATION:</u> You were interviewed on November 24, 2009, by D. Tarnoff, Correctional Counselor II, regarding your appeal. You were afforded the opportunity to further explain your issue and to provide any supporting evidence or documents.

8

> Appellant stated during the interview that the evidence was lost as documented on the CDC-115-A.
>
> A review of the Test of Adult Basic Education list reveals you have a Reading Grade Point Level above 4.0, therefore, you do not require special accommodation to achieve effective communication.
>
> REGULATIONS: The rules governing this issue are:
>
> - California Code of Regulations, Title 15, Sections 3005(b), 3315, and 3320.
>
> APPEAL RESPONSE: D. Tarnoff was assigned to review this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Kern Valley State Prison (KVSP) Operational Procedures (OP); the California Code of Regulations (CCR), and the Department Operations Manual (DOM). According to the CDC -115-1 it notes, "Should be noted the weapon was not located to use as evidence." D. Tarnoff contacted the Senior Hearing Officer (SHO), H. Tyson regarding the weapon. He stated the weapon was lost.
> Based on this, a due process violation occurred as appellant should have been provided a copy of the evidence such as photos of a weapon. However, this was not done due to the weapon being lost.
>
> The documents provided also do not substantiate the charge.
>
> DECISION: Based on the above, this appeal is Partially Granted at the Second Level of Review. Granted in that a Modification Order will be generated to ensure the RVR be reissued and reheard.
>
> If dissatisfied, appellant may request a Director's Level review by following the instructions on the appeal form.

(Opp'n, Ex. A, ECF Nos. 102 & 103.)

On April 16, 2010, an amended decision was issued by the second level of review finding that dismissal of the RVR was not warranted, but the charge was amended to reflect conspiracy to commit battery on an inmate. (Id.)

Plaintiff submitted the appeal to the third level of review on July 22, 2010. (Id.) The third level decision was issued on October 5, 2010, finding in relevant part:

> A. FINDINGS: It is noted at the Director's Level of Review (DLR) that the appellant disagrees with the charge and findings of an RVR he received for Conspiracy to Commit Battery on an Inmate. The DLR reviewed the issues of the appellant's appeal and disagrees with the institution's examination and conclusions as addressed within the SLR. The

9

> examiner notes that the SHO found the appellant guilty based upon multiple confidential sources providing confidential information that the appellant, along with Inmate Wood ordered the assault of Inmate Ferguson.  On September 17, 2010, the examiner requested and received a copy of the Confidential Memorandum dated June 10, 2009, and authored by Correctional Lieutenant J. Castro.  A review of the confidential memorandum revealed that the comments of one of the confidential sources do not specifically and definitely identify the appellant of ordering the assault of inmate Ferguson.  The examiner found the confidential source's comment to be vague and unreliable.  The examiner also notes that the appellant was provide with a CDC Form 1030, dated June 18, 2009, that stated the appellant ordered Inmate Ferguson to assault inmate Stampers.  However, the examiner found that the Confidential Memorandum dated June 10, 2009, states that the appellant ordered Inmate Stampers to assault Inmate Ferguson.  The examiner found the contradiction between the CDC Form 1030 and the Confidential Memorandum confusing and leaves doubt as to which inmate was to conduct the assault and which inmate was to be assaulted.  Based upon the errors of the CDC 1030 dated June 18, 2009, the vague statement of confidential source number one and the contradiction of information recorded on the CDC 1030 and the Confidential Memorandum, the Kern Valley State Prison (KVSP) shall dismiss the RVR log #FB-09-06-054 in the interest of justice.  The KVSP shall also refer the appellant to the Institution Classification Committee (ICC)/Unit Classification Committee (UCC) and adjust the appellant's classification score and correct his credit earning status based upon the dismissal of the RVR.
>
> C. ORDER: The KVSP shall dismiss RVR log #FB-09-06-054 in the interest of justice.  The KVSP shall also refer the appellant to the ICC/UCC and adjust the appellant's classification score and correct his credit earning status based upon the dismissal of the RVR.

(Id.)

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and "the prisoner need only provide the level of detail required by the prison's regulations." Sapp, 623 F.3d at 824.  CDCR's regulations require a description of "the specific issue under appeal and the relief requested," and a description of the staff members involved and their involvement.[4]  § 3084.2(a).  While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); accord Akhtar v. Mesa, 698 F.3d 1202,

---

[4] CDCR amended its relevant regulations as an emergency on December 13, 2010; the regulations became operative on January 28, 2011; and the Certificate of Compliance was transmitted to the Office of Administrative Law on June 15, 2011, and filed on July 28, 2011.  Tit. 15, § 3084.2, History.  Thus, at the time of the events at issue in this action, the current regulations applied.

1211 (9th Cir. 2012). Thus, at the time Plaintiff filed his appeal in 2009, the appeal sufficed if it alerted the prison to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted); accord Akhtar, 698 F.3d at 1211.

The Court finds that appeal KVSP-O-09-01835 did not grieve his retaliation claims against the Defendants for which this action proceeds. Rather, appeal KVSP-O-09-01835 merely grieved the finding that Plaintiff was guilty of conspiracy to assault an inmate with a deadly weapon. There is no mention of retaliatory action taken by any Defendant because of Plaintiff's exercise of his rights under the First Amendment. While Plaintiff is not required to name each Defendant or the legal theories in order to satisfy the exhaustion requirement, Plaintiff was required in 2009, at a minimum, to "describe the problem and action requested." Plaintiff has failed to do so as to the retaliation claims against Defendants in this action. The fact that an incident described in an appeal bears some relationship to a separate and distinct incident does not mean the appeal satisfies the exhaustion requirements for the retaliation claim in the instant action. Thus, although Plaintiff named Defendants Castro, Horton, and Sclafani in KVSP-O-09-01835, it was in relation to a separate and distinct due process/disciplinary challenge as to the rules violation report and supporting evidence for his charge of conspiracy to commit battery on another inmate.

This finding is further supported by the fact that in the course of resolving Plaintiff's appeal at every level of review, prison staff addressed Plaintiff's claim as only a due process/ disciplinary violation. Plaintiff never complained that his appeal was improperly classified or addressed as a due process/disciplinary violation only. Indeed, Plaintiff never complained that he was also seeking relief based on retaliatory acts on the part of each Defendant. Thus, Plaintiff's appeal and the responses thereto addressed only the evidence and process for which he was given in relation to the rules violation reports for conspiracy to battery on another inmate. Given the factual allegations in the appeal and the responses thereto, the Court finds that Plaintiff's appeal did not suffice to place prison officials on notice as to the wrong for which redress is now sought. Akhtar, 698 F.3d at 1211; Sapp, 623 F.3d at 824. Based on the factual allegations in KVSP-O-09-01835, there is no way prison officials would have discovered through investigation of the appeal that Defendants retaliated against

Plaintiff for the exercise of his rights under the First Amendment, as Plaintiff claims in the present complaint.

Further, even if this appeal had put prison officials on notice of the allegations raised by Plaintiff in his complaint, namely that Plaintiff was wrongfully removed from the general population and issued a false rules violation report due to his active role in the prison IAC, for filing inmate grievances, and staff complaints, the appeal would have been processed and addressed by prison officials as a "Staff Complaint" pursuant to the Administrative Bulletin No. 05-03. In addition to the regulations outlined in Title 15, on November 22, 2005, CDCR issued an Administrative Bulletin No. 05-03, which announced changes as to how inmate appeals identified as "Staff Complaints" would be handled. (Tallerico Decl., ¶ 11, ECF No. 86-4.) The bulletin was designed to ensure that appeals coordinators processed any appeal alleging staff misconduct as a "Staff Complaint" so that those appeals could be referred to the Hiring Authority for a potential Internal Affairs investigation. (Id.) Furthermore, appeal KVSP-09-1835 was submitted before any of Plaintiff's allegations arose against Defendants Harrington, Tarnoff, Biter, and Soto and could not have sufficed to put prison officials on notice of the wrongdoing alleged against those Defendants. Consequently, Plaintiff did not provide CDCR with an opportunity to address Plaintiff's allegations of retaliation internally before filing this action. Porter, 534 U.S. at 516-517.

In opposition, Plaintiff contends that he was granted permission to amend his appeal and did so by way of filings on January 26, 2010 and July 22, 2010, to present his claims of retaliation. Plaintiff's contention that he was granted permission by the Inmate Appeals Branch to amend his appeal on March 19, 2010, to assert new allegations is unsupported. (Opp'n at pp. 16, 96, Ex. B, ECF No. 103.) The March 19, 2010 memorandum issued by the Inmate Appeals Branch informed Plaintiff that he may attach an amended Section "H" to the appeal if he was dissatisfied with further actions taken by the institution in response to his appeal. (Id. at p. 96, Ex. B.) Furthermore, providing additional alleged facts during the administrative process after the filing of the appeal cannot be used to try to cure defects in the appeal:

> … [P]rison officials declined to consider a complaint about Sapp's eye condition that he raised for the first time in a second-level appeal about medical care for a skin condition. There,

officials explained that the eye issue had to be raised in a separate appeal, starting at the first level. This screening was proper; an inmate must first present a complaint at the first level of the administrative process. See Cal. Code Regs. tit. 15, § 3084.5.

Sapp, 623 F.3d at 825. Accordingly, appeal KVSP-O-09-01835 did not grieve the factual basis of his retaliation claims against Defendants.

2.    Plaintiff's Submission of Unauthenticated June 14, 2009 Appeal

For the first time in his opposition to Defendants' motions for summary judgment, Plaintiff contends he attempted to submit an additional appeal through the prison mail system on June 14, 2009, but never received a response. (ECF No. 102, Opp'n at pp. 2, 6-8, 10; ECF No. 103, Opp'n at pp. 2, 6-8, 10.) Defendants object properly to the exhibit for lack of foundation and authentication.

Administrative remedies become effectively unavailable when prison officials' actions thwart an inmate's exhaustion attempts, for instance, by: (1) affirmatively misleading an inmate about the grievance procedural requirements, Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); (2) informing the inmate that no further relief is available, Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005); or (3) improperly screening a grievance or creating "draconian procedural requirements that would 'trip[] up all but the most skillful prisoner." Sapp v. Kimbrell, 623 F.3d at 827 (quoting Woodford v. Ngo, 548 U.S. at 102.)

Without any foundation, Plaintiff contends that "prison staff collected the [June 14, 2009] appeal at mail pick-up." (ECF No. 102 at p. 2; ECF No. 103 at p. 10.) Plaintiff further submits that "[p]rison officials never responded to Plaintiff's 'properly' filed appeal, nor was Plaintiff's appeal ever returned to him." (Id.) Plaintiff submits inmate appeal, dated June 14, 2009, which states the following:

> On 6-11-09 I was taken from my cell and placed in a holding cage. Lt. Castro and Sgt. Horton approached me and Lt. Castro stated that I was told to stop pushing issues and 602ing everything. Now my ass was going to the hold. Sgt. Horton stood there shaking his head in agreement. KVSP staff members are retaliatory against me for my IAC activities and for filing 602s. I've done nothing to warrant being put in ad seg.
>
> Plaintiff requested to be released from ad seg, to stop retaliating against him, to reprimand staff members responsible for the retaliation and to investigate the matter.

13

(ECF No. 102, Ex. C.) Notably, the appeal, dated June 14, 2009, bears no stamp indicating that it was ever submitted and received by the Appeals Office. Indeed, Plaintiff does not explain if such copy is a handwritten copy or photocopy of the appeal he claims to have submitted.

Plaintiff also submits a conclusory declaration in which he states "I submitted an appeal on June 14, 2009, while in ad-seg, in regard to the retaliatory acts of staff members and my illegal placement into ad-seg. I submitted the appeal to the appeals coordinators through the prison mail system. I was never provided a response or had my appeal returned. My subsequent request forms to the appeals coordinator regarding the status of my appeal went unanswered as well." (ECF Nos. 102 & 103, Pl. Decl. at ¶ 7.)

Plaintiff cites to exhibit D in support of his argument that he sent a subsequent request form as to the status of his June 14, 2009, appeal. Plaintiff contends it was prepared "in anticipation of an appeal interview for [his] appeal submission of June 14, 2009, regarding retaliatory acts of staff." (ECF Nos. 102 & 103, Pl. Decl. at 2.) However, such document does not support Plaintiff's argument. Rather, the document is what Plaintiff labels a declaration by himself, dated June 24, 2009, which states:

> I Robert Bishop hereby declare that I am competent to testify to the matters set forth in this declaration and if called upon to do so, I willingly would, and could so testify because I have actual knowledge of the relevant facts of: Lt. Castro's threatening statement towards me, Robert Bishop, regarding my IAC/602 activities.
>
> While I Robert Bishop was housed in K.V.S.P. Facility B and assigned to the Inmate Advisory Council (IAC) I was approached by Lt. Castro while I was walking across the patio in front of the program office Lt. Castro stated to me as I was walking past "you need to stop 602ing my officers otherwise I don't see you in that MAC rep spot for very long." When I asked what she meant by that Lt. Castro told me to go home, that I was done for the day.
>
> On 2-25-09 I was taken to Unit Classification Committee for annual review. For this review, staff members consisted of: GR Hudson, Captain; Lt. Castro; and CCI D. Goree. It should be noted that CCI Goree was not my assigned counselor and was used specifically for this review. I was ultimately removed from my job assignment, including my IAC position, moved to another building and denied my allowable property for a period of time. While Captain Hudson stepped out to make these arrangements, Lt. Castro looked at me, smiled and told me
>
> "I told you you [sic] wouldn't be MAC reping [sic] very long."

>This disciplinary action lasted for thirty days and then I was moved back to my original building and assigned to a job (barber) on 4-29-09. The inmate population voted me back into the Inmate Advisory Council (IAC).
>
>On 6-11-09 I was placed into ad-seg by orders of Lt. Castro in retaliation for my continued IAC and 602 activities. I appealed this issue on 6-14-09.

(Opp'n, ECF Nos. 102 & 103, Ex. D.)

The document is written on blank paper and is not addressed to any prison official, and does not address Plaintiff's claim that he never received a response to the June 14, 2009, grievance. Thus, Plaintiff's documentation, dated June 24, 2009, does not support his argument as to the submission of a grievance on June 14, 2009 and lack of response thereto.

"'Unauthenticated documents cannot be considered in a motion for summary judgment,'" and "[t]he authentication of a document requires 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-533 (9th Cir. 2011) (quoting Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid. 901(a)). An inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility. Orr, 285 F.3d at 776. Rule 901(b)(4) of the Federal Rules of Evidence provides that evidence may be authenticated by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances," Fed. R. Evid. 901(b)(4), and documents may be authenticated by review of their contents if they appear to be sufficiently genuine, Las Vegas Sands, LLC, 632 F.3d at 533 (citing Orr, 285 F.3d at 778 n.24) (quotation marks omitted).

Courts generally view objections based on authentication skeptically in the absence of an indication that the document's authenticity is genuinely in dispute, Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012); Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1120-1121 (E.D. Cal. 2006), and objections to prison records which are clearly what they purport to be are routinely overruled under Rule 901(b)(4), see, e.g., Thomas v. Quintana, No. CV 10-2671-JGB (CWX) (official Bureau of Prisons logs and records maintained in the ordinary course of business); Howard v. Wang,

15

No. 1:10cv01783 AWI DLB PC, 2014 WL 3687728, at *3 (E.D. Cal. Jul. 24, 2014) (prison records maintained in inmate's central and medical files), findings and recommendations adopted in full, 2014 WL 5483739 (E.D. Cal. Nov. 19, 2014); Abdullah v. CDC, No. CIV S-06-2378 MCE JFM P, 2010 WL 4813572, at *3 (E.D. Cal. Nov. 19, 2010) (finding no objection for lack of foundation and authentication unavailing where the records were from the plaintiff's prison file and they were created and maintained by prison officials), findings and recommendations adopted in full, 2011 WL 489599 (E.D. Cal. Feb. 7, 2011); Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2009 WL 3088331, at *5 (E.D. Cal. Sept. 22, 2009) (overruling lack of foundation and proper authentication objections to prison medical records submitted by the plaintiff).

The CDCR 602 inmate appeal form Plaintiff purports to have filled out and submitted to prison officials dated June 14, 2009, does not contain any indicia of official receipt or other distinctive characteristics sufficient to support a finding that they are what they purport to be. There is no way for the Court to determine (and Plaintiff does not provide any detail) as to when and how the forms were submitted, beyond his vague and conclusory claim that it was submitted through the prison mail system. Documents may be authenticated through personal knowledge where they are attached to an affidavit and the affiant is a competent witness who wrote the document, signed it, used it, or saw others do so. Fed. R. Evid. 901(b)(4); Las Vegas Sands, LLC, 632 F.3d at 553 (citing Orr, 285 F.3d at 773.) Moreover, Plaintiff's competence to testify about matters within his personal knowledge may be inferred from his declaration. Strong v. Valdez Fine Foods, 724 F.3d 1042, 1045 (9th Cir. 2013); Barthelemy v. Air Line Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam). However, Plaintiff's opposition does not lay an adequate foundation to authenticate the appeal and the request forms. Even considering the leniency to Plaintiff is entitled given his pro set status, Plaintiff's opposition contains only bare statements that "prison officials accepted [his] appeal submission of June 14, 2009, which alleged retaliatory acts related to Plaintiff's complaint when prison officials collected the appeal as part of the prison mail system." (ECF Nos. 102 & 103, Opp'n at 10.) There are no facts as to the date on which Plaintiff allegedly submitted the forms, how he submitted the forms, to whom he submitted the forms, and the forms themselves lack any indicia of genuineness, as

previously discussed herein.  Cf. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (summary judgment may not be defeated by relying on conclusory allegations not supported by factual data.)

In addition, other facts undercut Plaintiff's claim that he submitted an appeal on June 24, 2009. In his second amended complaint, filed November 20, 2013, Plaintiff submitted that he "exhausted all of his 'available' administrative remedies[,]" and Plaintiff never mentioned the June 14, 2009, and lack of response thereto.  (ECF No. 30 at 7:1-3.)  Furthermore, Plaintiff's appeal KVSP-O-09-01835, submitted on October 27, 2009, makes no mention of the failure to receive a response to the June 14, 2009, appeal.  Accordingly, Defendants' motions for summary judgment should be granted.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be GRANTED; and
2. This action be DISMISSED for Plaintiff's failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 22, 2016**

UNITED STATES MAGISTRATE JUDGE